IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LEONEL BANEGAS, MARIELA
MEJIA, ZELUMA MENDOZA, and
KARLA MONTALVAN,

      Plaintiff,

v.

RELIABLE DRYWALL
CONTRACTORS, INC.,
SAUCEDOS DRYWALL LLC, and
TIMOTHY S. LOONEY, d/b/a
Pioneer Development,

      Defendants.

1:15-cv-2674-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Reliable Drywall Contractors, Inc.'s ("Reliable Drywall") Motion to Set Aside Clerk's Entry of Default as to Reliable Drywall Contractors, Inc. [11] ("Motion to Set Aside Default").

I.    **BACKGROUND**

On July 29, 2015, Plaintiffs Leonel Banegas, Mariela Mejia, Zeluma Mendoza, and Karla Montalvan ("Plaintiffs") filed their Complaint [1]. On July 30, 2014, Plaintiffs attempted, without success, service on Reliable Drywall, at its registered office, upon its registered agent Dilma Sance Palma. (Mot. at 2).

On August 12, 2015, a non-executed return of service [5] was filed with the Court.

On August 14, 2015, Plaintiffs served the Summons and Complaint on the Georgia Secretary of State, pursuant to O.C.G.A. § 9-11-4(e)(1).  (Return of Service [7]).

On October 1, 2015, Plaintiffs filed their Motion for Clerk's Entry of Default [8], seeking entry of default judgment against Reliable Drywall and Defendants Saucedos Drywall, LLC and Timothy S. Looney (collectively, "Defendants").  On October 1, 2015, the Clerk entered default against Defendants.  Plaintiffs served the Motion for Clerk's Entry of Default on Reliable Drywall at Reliable Drywall's principal office in Lawrenceville, Georgia, which Reliable Drywall claims was its first notice of this action.

On November 19, 2015, Reliable Drywall filed its Motion to Set Aside Default.  Reliable Drywall shows that, on February 9, 2015, it filed its Annual Report with the Georgia Secretary of State's Office reflecting, as its principal office, 2100 Riverside Parkway, Suite 119-147, Lawrenceville, Georgia 30043.  (Mot. at 1).  It attached to its Motion a copy of the filed Annual Report.  (Id., Ex. A).  Reliable Drywall argues that Plaintiffs were aware of its principal business address at the time they filed their Complaint, and that, after their unsuccessful service on Reliable Drywall's registered agent, Plaintiffs were required to attempt

service at its principal office.  Reliable Drywall seeks to set aside the Clerk's entry of default against it.

Plaintiffs did not file any response to Reliable Drywall's Motion, and it is deemed unopposed.  See L.R. 7.1(B).

## II. DISCUSSION

### A. Legal Standard

An entry of default may be set aside for "good cause."  Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).  "Good cause is not susceptible to a precise formula," and courts consider whether (1) the default was willful, (2) setting aside the default would prejudice the other party, (3) the defaulting party presents a meritorious defense, and (4) whether the defaulting party acted promptly to correct the default.  Id.

### B. Analysis

Here, Reliable Drywall shows that its default was not willful and it acted promptly to correct the default.  Further, it has presented a meritorious defense.  Where plaintiffs have actual knowledge of a defendant's current business address, "substituted service upon the Secretary of State is proper *only* after a plaintiff has attempted to serve the persons listed in [O.C.G.A. § 9-11-4(e)(1)] and 'for any

reason' that attempt is unsuccessful."  Stone Exchange Inc. v. Surface Tech. Corp. of Ga., 605 S.E.2d 404, 405 (Ga. Ct. App. 2004).  Reliable Drywall represents that Plaintiffs were aware of its principal business address when they filed their Complaint, and thus they were required to attempt service there before serving the Secretary of State.  In addition, Plaintiffs were required to cite a reason "that service could not be had at that address on the corporation's president or one of the other persons listed in the statute."  Id.  Because Plaintiffs did not respond to Reliable Drywall's motion, they do not contest that they had knowledge of its principal place of business, they fail to provide any reason why they could not serve Reliable Drywall at that address, and Reliable Drywall's motion is deemed unopposed.

The Court finds good cause to set aside default as to Reliable Drywall, and its Motion to Set Aside Default is granted.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Reliable Drywall Contractors, Inc.'s ("Reliable Drywall") Motion to Set Aside Clerk's Entry of Default as to Reliable Drywall Contractors, Inc. [11] is **GRANTED**.

**SO ORDERED** this 1st day of April, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE