IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEONEL BANEGAS, MARIELA MEJIA, ZELUMA MENDOZA, and KARLA MONTALVAN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RELIABLE DRYWALL CONTRACTORS, INC., SAUCEDOS DRYWALL LLC, and TIMOTHY S. LOONEY, d/b/a Pioneer Development,<br><br>　　　　Defendants. | 1:15-cv-2674-WSD |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs Leonel Banegas, Mariela Mejia, Zeluma Mendoza, and Karla Montalvan's ("Plaintiffs") Motion for Default Judgment as to Saucedos Drywall LLC and Timothy S. Looney d/b/a Pioneer Development [15] ("Motion").

**I.    BACKGROUND**

This is an action for unpaid wages and overtime under the Fair Labor Standard Act, 29 U.S.C. § 201, et seq. ("FLSA"). Defendants Saucedos Drywall LLC and Timothy S. Looney (together, "Defendants") failed to answer or appear

in this matter and, on October 1, 2015, the Clerk entered default as to Defendants. (October 1, 2015, Docket Entry).[1]

On July 29, 2016, Plaintiffs filed their Motion.  Plaintiffs contend:  (1) that Defendants violated the law when they failed to pay Plaintiffs regular pay and overtime for hours worked; (2) the total owed for unpaid wages is $8,250.00, $2,340.00 of which is owed to Leonel Banegas, $2,340.00 of which is owed to Mariela Mejia, $2,100 of which is owed to Zeluma Mendoza, and $1,470.00 of which is owed to Karla Montalvan; (3) pursuant to 29 U.S.C. § 216, Plaintiffs are entitled to liquidated damages for Defendants' FLSA violations; (4) Plaintiffs are entitled to judgment in twice the documented amount of unpaid wages; and (5) pursuant to 28 U.S.C. § 1920(1), Plaintiffs are entitled to their $400 filing fee. Plaintiffs seek a total award of $16,900.00 plus post judgment interest, and they seek leave to submit a petition for attorneys' fees and costs.

---

[1]     On April 1, 2016, the Court issued an order [14] granting Defendant Reliable Drywall Contractors, Inc.'s Motion to Set Aside Clerk's Entry of Default as to Reliable Drywall.

## II. DISCUSSION

### A. Legal Standard

Rule 55(b) of the Federal Rules of Civil Procedure provides that default judgment may be entered against defaulting defendants as follows:

(1) ***By the Clerk***. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) ***By the Court***. In all other cases, the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:
   (A)   conduct an accounting;
   (B)   determine the amount of damages;
   (C)   establish the truth of any allegation by evidence; or
   (D)   investigate any other matter.

Fed. R. Civ. P. 55(b).

"While a defaulted defendant is deemed to 'admit[ ] the plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005) (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). If "the plaintiff has alleged

3

sufficient facts to state a plausible claim for relief," a motion for default judgment is warranted. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015); Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." Surtain, 789 F.3d at 1245. Ultimately, "[t]he entry of a default judgment is committed to the discretion of the district court," Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986)).

    B.    <u>Analysis</u>

A plaintiff claiming unpaid wages under the FLSA must demonstrate the following: (1) the defendant employed the plaintiff; (2) the plaintiff engaged in interstate commerce or the defendant is an enterprise engaged in interstate commerce; and (3) the defendant failed to pay the plaintiff a minimum wage or overtime compensation. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

Plaintiffs allege they were employees of Defendants from January 2015 until March 2015. (Compl. ¶ 8). They were compensated on an hourly basis at the rate of $15.00 per hour. (Compl. ¶ 9). During the course of their employment by Defendants, Plaintiffs regularly worked in excess of forty (40) hours per week.

(Compl. ¶ 10). Defendants failed to compensate Plaintiffs at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) hours per week. (Compl. ¶ 10). During some weeks of their employment, Defendants did not pay Plaintiffs any wages at all. (Compl. ¶ 11). They allege Defendants were joint employers, and that they engage in interstate commerce. (Compl. ¶¶ 4-7). Each plaintiff also submitted a declaration detailing the hours he or she worked for which he or she allegedly was not compensated. ([15.1], [15.2], [15.3], [15.4]). Plaintiffs' allegations support each element required to sustain a claim of unpaid wages or overtime under the FLSA. See Morgan, 551 F.3d at 1277 n.68. Defendants, through their default, admit the well-pleaded allegations. See Cotton, 402 F.3d at 1278.

    The FLSA provides that an employer is liable in the amount of unpaid minimum wages and unpaid overtime compensation "and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b); see also Joiner v. City of Macon, 814 F.2d 1537, 1538-39 (11th Cir. 1987) ("[L]iquidated damages are mandatory absent a showing of good faith."). Plaintiffs provide declarations detailing the hours they worked for which they were not compensated. The Court finds Plaintiffs are entitled to damages in the total amount of $16,500 for their claims for unpaid wages under the FLSA.

The FLSA also provides that the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  The entry of a default judgment in a FLSA action entitles Plaintiffs to mandatory reasonable attorneys' fees and costs.  See Dionne v. Floormasters Enters., Inc., 667 F.3d 1199, 1205 (11th Cir. 2012).  Costs are limited to those permitted under 28 U.S.C. § 1920.  Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988).

Plaintiffs seek $400 in costs, reflecting their filing fee in this action.  Filing fees are a category of costs permitted under 28 U.S.C. § 1920(1).  The Court finds Plaintiffs are entitled to $400 in costs.  Because the FLSA entitles Plaintiffs to reasonable attorneys' fees, the Court grants Plaintiffs leave to submit a petition for attorneys' fees and costs.

Plaintiffs also seek post-judgment interest pursuant to 28 U.S.C. § 1961.  Post-judgment interest is recoverable for violations of the FLSA.  See, e.g., Perez v. Palermo Seafood, Inc., 548 F. Supp. 2d 1340, 1351 (S.D. Fla. 2008); Reeves v. Int'l Tel. & Tel. Corp., 705 F.2d 750, 751-52 (5th Cir. 1983) (post-judgment interest recoverable for violations of the FLSA despite award of liquidated damages).  Plaintiffs are awarded post-judgment interest.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs Leonel Banegas, Mariela Mejia, Zeluma Mendoza, and Karla Montalvan's Motion for Default Judgment as to Saucedos Drywall LLC and Timothy S. Looney d/b/a Pioneer Development [15] is **GRANTED**.  The Clerk is **DIRECTED** to enter judgment in favor of Plaintiffs against Defendants Saucedos Drywall LLC and Timothy S. Looney d/b/a Pioneer Development, jointly and severally, in the following amounts:  (1) damages in the amount of $16,500, which represents $8,250 in unpaid wages and $8,250 in liquidated damages, (2) costs in the amount of $400; and (3) post-judgment interest, pursuant to 28 U.S.C. § 1961, to accrue at the rate provided for in Section 1961 from the date of entry of final judgment by the Clerk to the date of payment.

**IT IS FURTHER ORDERED** that Plaintiffs' request for leave to submit a petition for attorneys' fees and costs is **GRANTED**.  Plaintiffs shall submit their petition for attorneys' fees and costs on or before October 21, 2016.

**SO ORDERED** this 22nd day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE